**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BANKERS LIFE & CASUALTY INSURANCE CO., | ) ) | |
| Plaintiff, | ) ) ) | Case No. 14-7907 |
| v. | ) ) ) | Judge Harry D. Leinenweber |
| CBRE, INC., | ) ) ) | |
| Defendant. | ) | |

**MOTION TO CONFORM OCTOBER 19, 2016
MINUTE ENTRY (DKT. NO. 52) TO THE COURT'S
OCTOBER 18, 2016 RULING AND FOR ENTRY OF JUDGMENT**

Plaintiff Bankers Life & Casualty Insurance Company ("Bankers"), by its attorneys, Novack and Macey LLP, pursuant to Federal Rules of Civil Procedure 58, 59 and 60 moves this Court to enter an order and judgment comporting with the Court's ruling issued in open court on October 18, 2016. In support of this motion, Bankers states as follows[1]:

1. The Seventh Circuit Court of Appeals issued an opinion vacating the arbitration Award and finding that CBRE "violated the [parties'] Listing Agreement.

2. On October 18, 2016, the Court held a hearing (the "October 18 Hearing") at which counsel for the parties presented argument regarding their cross-motions as to what should transpire following the Seventh Circuit's ruling.

3. At the October 18 Hearing, the Court ruled that it agreed with Bankers' motion and "will enter judgment on liability." (See Transcript of October 18 Hearing attached hereto as

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in Bankers' Memorandum Of Law: (I) In Opposition To CBRE's Motion To Remand To The Same Arbitration Panel; And (II) In Support Of Its Cross-Motion To Remand To A New Arbitration Panel And For Other Relief (Dkt. No. 50).

Exhibit A at 5.) Indeed, at the October 18 Hearing the Court stated no fewer than three times that it would enter judgment as to liability.

4.  <u>First</u>, at the outset of the hearing, the Court stated that it had read the parties' respective briefs, that Bankers' written suggestions "make more sense" and that it "would enter judgment on the issue of liability." (<u>Id.</u> at 2.)

5.  <u>Second</u>, after CBRE's counsel argued the liability issue and during Bankers' response thereto, the Court told Bankers' counsel that further argument was unnecessary because "I've already ruled in your favor." (<u>Id.</u> at 5.)

6.  <u>Third</u>, the Court stated that, "I will enter judgment on liability." (<u>Id.</u>)

7.  Moreover, as the October 18 Hearing concluded, CBRE's counsel claimed that a new panel would have to "relearn the entire case all over again." (<u>Id.</u> at 6.) The Court disagreed and stated, "Well, they've got to read Judge Posner's opinion." (<u>Id.</u>) In other words, a new panel would <u>not</u> need to relearn the case because, as Judge Posner wrote, CBRE "violated the Listing Agreement" and, therefore, liability has been established.

8.  On October 19, 2016, the Court entered a minute entry (the "October 19 Order") (Dkt. No. 52) stating:

> For the reasons stated in open court, Defendant CBRE's Motion to Remand to Original Arbitration Panel [ECF No. 46] is denied, and Plaintiff Bankers Life & Casualty's Motion to Remand [ECF No. 49] is granted. Consistent with the opinion of the U.S. Court of Appeals for the 7th Circuit in appellate case number 15-1471 [ECF No. 43], this Court vacates the original arbitration award and directs the parties to resubmit the matter for arbitration before a new arbitration panel. This case is dismissed. Civil case terminated. Mailed notice (wp,)

9.  In light of the Court's ruling at the October 18 Hearing, Bankers respectfully requests that the Court enter an order clarifying its October 19 Order to conform to the October

2

18 ruling and enter judgment expressly finding liability in favor of Bankers on its breach of contract claim.

10. As it currently stands, the October 19 Order's direction to "resubmit the matter for arbitration before a new arbitration panel" could be read -- albeit incorrectly and out of context -- to require the new panel to conduct a hearing on liability. Such a reading would be contrary to the Court's ruling at the October 18 Hearing and other elements of the October 19 Order (e.g., that Bankers' Motion -- which sought an order finding liability -- is granted). Nevertheless, to remove any doubt in the minds of future arbitrators, Bankers requests that the Court modify its October 19 Order to expressly find liability in favor of Bankers on its breach of contract claim and to enter a judgment to this effect.

WHEREFORE, for the reasons set forth herein, Bankers requests that the Court: (a) enter an order finding liability in favor of Bankers on its breach of contract claim; (b) enter judgment finding liability in favor of Bankers on its breach of contract claim; and (c) award Bankers such other and further relief as is appropriate.

        Respectfully submitted,
        BANKERS LIFE & CASUALTY INSURANCE CO.

        By: /s/ Stephen Novack
                One of Its Attorneys

Stephen Novack
*snovack@novackmacey.com*
Andrew D. Campbell
*acampbell@novackmacey.com*
Shelby L. Drury
*sdrury@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc# 866631

## CERTIFICATE OF SERVICE

The undersigned attorney, upon oath, hereby certifies that he served a copy of the foregoing **Motion To Conform October 19, 2016 Minute Entry (Dkt. No. 52) To The Court's October 18, 2016 Ruling And For Entry Of Judgment** upon the parties by causing a true and correct copy thereof to be delivered by electronically filing the document with the Clerk of Court using the ECF system on the 24th day of October, 2016.

                                                   /s/ Stephen Novack
                                                   Stephen Novack